UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LAUREN WEINGARTEN,

       Plaintiff,

  -v-                                                                                              No. 20-CV-2598-LTS-KNF

CBS and MATT DeROSS,

       Defendants.

-------------------------------------------------------x

## ORDER

       WHEREAS, this action was commenced by the filing of a Complaint on March 30, 2020; and

       WHEREAS, the Court has reviewed such Complaint to ascertain the basis for assertion of subject matter jurisdiction in this court; and

       WHEREAS, such Complaint asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but the Complaint omits allegations concerning (i) the corporate form and state of incorporation, if applicable, of defendant CBS, (ii) the state citizenship of plaintiff Weingarten and (iii) the state citizenship of defendant DeRoss; and

       WHEREAS, for purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656-57 (S.D.N.Y. 2004); and

       WHEREAS, for purposes of diversity jurisdiction, the citizenship of an artificial business entity other than a corporation is determined by reference to the citizenship of its members, see C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999), and "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. section 1332(c)(1); and

       WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action;" it is hereby

ORDERED, that plaintiff shall, no later than **Friday, April 17, 2020,** file and serve a Supplement to the Complaint containing allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: New York, New York
April 3, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge